**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAGDALENE WHEELER, RICHARD FIELDS,
DONALD KEARNS, SR., JOYCE DULL, THOMAS
LAWSON, and JEFFREY TAYLOR, *on Their Own*
*Behalf and on Behalf of All Other Similarly Situated*
*Persons*, IUE-CWA, AFL-CIO, and LOCAL 82173,
IUE-CWA, AFL-CIO,

Plaintiffs,

- against -

EDGEWELL PERSONAL CARE, LLC, *f/k/a Energizer*
*Personal Care, LLC, formerly a Division of Energizer*
*Holdings, Inc., as Plan Sponsor and Administrator of the*
*Energizer Holdings, Inc. Group Life Insurance for*
*Disabled and Retired Employees and the American*
*Safety Razor Company Group Insurance Plan for Hourly*
*Employees and as Parent to Playtex Products, LLC and*
*as Successor to American Safety Razor Company, LLC*,

Defendants.



ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT AND
AWARDING CLASS COUNSEL
FEES AND EXPENSES

17 Civ. 3789 (GBD)

GEORGE B. DANIELS, United States District Judge:

This matter was the subject of a hearing on August 14, 2018, on the application of the

parties for final approval of the Settlement Agreement dated December 31, 2017. This Court,

having (1) reviewed and considered the terms and conditions of the proposed Settlement as set

forth in the Settlement Agreement,[1] which are incorporated herein by reference; (2) reviewed and

considered the application of Class Counsel for an award of attorneys' fees and costs; (3) held a

Final Approval Hearing on August 14, 2018, after being satisfied that notice to the Class has

been provided in accordance with this court's Order Preliminarily Approving the Class Action

Settlement and Directing Notice to Class, entered on April 12, 2018 (the "Preliminary Approval

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the
Settlement Agreement.

Order"); (4) taken into account the presentations, objection of Delories Taylor, and other proceedings at the Final Approval Hearing; and (5) considered the Settlement in the context of all prior proceedings had in this litigation, enters the following FINDINGS and CONCLUSIONS:

1.      This Court finds and concludes that it has subject-matter jurisdiction over this Action and all claims within this Action, and personal jurisdiction over all the parties to this Action, including all members of the Settlement Class.

2.      This Court finds and concludes that the two subclasses provisionally certified in the Preliminary Approval Order have been appropriately certified for settlement purposes. Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

3.      The notice to putative Class Members was comprised of individual notice to all Class Members for whom Defendants have a postal address. This Court finds and concludes that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the Action, and of their right to object and to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

4.      This Court has held a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has considered the sole objection to the Settlement.

5.    This Court finds and concludes that the Settlement is the product of good faith, arm's length negotiations between the Class Representatives and Class Counsel, on the one hand, and Defendant, on the other hand.

6.    This Court finds and concludes that the Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Class.  In reaching this conclusion, this Court considered a number of factors, including:  (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

7.    This Court finds and concludes that all Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, and this final Judgment.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement is granted in its entirety;

2.    The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class, and the requirements of due process

and Federal Rule of Civil Procedure 23 have been satisfied.  The number of members of the

Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there

are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are

typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have fairly and

adequately represented the interests of the Settlement Class; (e) questions of law and fact

common to members of the Settlement Class predominate over any questions affecting only

individual members thereof; and (f) a class action is superior to all other available methods for

the fair and efficient adjudication of this controversy.  The parties are ordered and directed to

comply with the terms and provisions of the Settlement Agreement;

3.      For purposes of settlement only, the Class is permanently certified pursuant to

Federal Rule of Civil Procedure 23 on behalf of the following two subclasses: (1) retirees from

the Playtex Products, LLC ("Playtex") factory in Watervliet, New York (the "NY Subclass"),

and (2) retirees from the American Safety Razor Company, LLC ("ASR") factory in Verona,

Virginia (the "Virginia Subclass").  Each subclass is defined as follows:

### The NY Subclass

All participants in the life insurance retiree plan sponsored by Energizer Personal
Care, LLC, or its corporate affiliates and successors, including Edgewell Personal
Care, LLC, Energizer Holdings, Inc., and Playtex Products, LLC (f/k/a Playtex
Products, Inc.), covering retirees from the Watervliet, New York factory as of
December 31, 2013 who: (i) had retired from active employment at the Watervliet
factory, (ii) were represented by the IUE-CWA, AFL-CIO during their
employment at the Watervliet factory, and (iii) were participants in the Playtex
life insurance benefits plan when they retired from active employment at the
Watervliet factory.

### The Virginia Subclass

All participants in the life insurance retiree plan sponsored by Energizer Personal
Care, LLC, or its corporate affiliates and successors, including Edgewell Personal
Care, LLC, Energizer Holdings, Inc., and American Safety Razor Company, LLC,
covering retirees from the Verona, Virginia factory as of December 31, 2013 who:
(i) had retired from active employment at the Verona factory, (ii) were

4

represented by the IUE-CWA, AFL-CIO during their employment at the Verona factory, and (iii) were participants in the American Safety Razor life insurance benefits plan when they retired from active employment at the Verona factory;

4.      Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms set forth in the Settlement Agreement and the Notice provided to the Settlement Class Members, except that this Court orders certain deadlines outlined in the Settlement Agreement to be replaced as follows:

    a.  Within seven (7) calendar days from the date this Order becomes final (thirty (30) days from date of entry), Edgewell Personal Care, LLC ("Edgewell") shall pay the settlement award for Class Members who filed valid claims on or before July 27, 2018.  Award amounts will be determined pursuant to Paragraph II(B) and (C) of the Settlement Agreement.

    b.  Defendants shall continue to accept as timely all valid claims that are made on or before October 1, 2018, pursuant to the parties' agreement to extend the claims period;

    c.  Within thirty-seven (37) calendar days from the date this Order becomes final, Edgewell shall pay the settlement award to Class Members who filed claims between on or after July 28, 2018, and October 1, 2018; and

    d.  Within seven (7) days from the date this Order becomes final, Edgewell shall pay the attorneys' fees and costs awarded herein;

6.      Upon the expiration of the time for any appeal from this Order or the resolution of any timely appeal ("Effective Date") and the payment of the Settlement proceeds as agreed upon by the parties, Plaintiffs and each Settlement Class Member shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against Defendant;

7.      Upon the Effective Date and the payment of the Settlement Proceeds as agreed upon by the parties, Plaintiffs and each Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims;

8.    This Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees and costs in the amount of $60,000. Class Counsel's request is justified in light of the following facts: (1) Class Counsel vigorously prosecuted this case and achieved a favorable results for the Class; (2) the legal issues were complex; (3) public policy favors such fee awards in benefits cases; (4) Defendant does not oppose the request; (5) such award constitutes a very small percentage of the aggregate value of the Settlement; and (6) such award was agreed to by the parties in the Settlement Agreement. Defendant shall pay such on or before September 13, 2018, barring any appeal of this Order;

9.    By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order, and judgment shall be deemed final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and

10.    Jurisdiction is reserved, without affecting the finality of this Order, over the interpretation and implementation of the Settlement Agreement, as well as over any and all matters arising out of, or related to, the Settlement Agreement.


Dated:  August 14, 2018
        New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

6